IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-04887-PAB

CALVA VERGARA CLAUDIO,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Calva Vergara Claudio's *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1]. Respondent has filed a response. Docket No. 7.

## I. Background[1]

Petitioner[2] is a native and citizen of Mexico who arrived in the United States on April 5, 2013. Docket No. 1 at 5. Immigration and Customs Enforcement ("ICE") officers detained petitioner on September 9, 2026. *Id*. He is not subject to a final

[1] Petitioner asserts various facts in the habeas petition. Docket No. 1. Respondent does not dispute the facts. Docket No. 7. Respondent states that he "is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." *Id.* at 1. "Respondent recognizes that the Court may then decide to grant the Petition and award appropriate relief." *Id.* Thus, the Court accepts as true the facts taken from the habeas petition.

[2] Because petitioner is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

order of removal, and he has no criminal history. *Id*. Petitioner states that he has not been provided a bond hearing. *Id.* at 2.

On October 1, 2026, petitioner filed a habeas petition. Docket No. 1. Petitioner asserts one claim, which he titles: "I am detained under 1226(a) not 1225(b)." *Id.* at 2. For relief, he requests immediate release or a bond hearing at which the government bears the burden of proof by clear and convincing evidence that his continued detention is necessary. *Id.* at 4.

On October 13, 2026, respondent filed a response. Docket No. 7. Respondent does not provide any opposition to the petition. *Id.* at 1. Respondent states that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of the Court's Order, release Petitioner from detention." *Id.* at 1-2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. Analysis

In *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), the Tenth Circuit held that 8 U.S.C. § 1226(a) governs the detention of noncitizens undergoing removal proceedings who are detained in the interior of the United States. Petitioner is undergoing removal proceedings and was detained in the interior of the United States. Docket No. 1 at 5. Respondent does not dispute that petitioner is detained pursuant to 28 U.S.C. § 1226(a). See Docket No. 7. Therefore, the Court finds that petitioner is detained pursuant to § 1226(a) and is entitled to relief.

Respondent submits that, if the Court grants the petition, the appropriate relief is for the Court to order respondent to "release Petitioner from detention." Docket

No. 7 at 2. Petitioner seeks his release from detention. Docket No. 1 at 4. Thus, the Court will order respondent to release petitioner.

## III. Conclusion

Therefore, it is

**ORDERED** that the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED October 19, 2026.

BY THE COURT:

s/ Philip A. Brimmer_______
PHILIP A. BRIMMER
United States District Judge